## WELLS v BOCKOVEN et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1008.   Decided Dec 18, 1931

Charles W. Folkerth, Dayton, for plaintiff.

Baggott & Baggott and R. N. Brumbaugh, Dayton, for defendant.

KUNKLE, J.

The case was submitted to the lower court as well as in this court upon an agreed statement of facts. This agreed statement of facts shows that the parties heretofore were originally husband and wife and were divorced and a division of the property was made in such divorce decree as follows:

"The court further find upon the petition and the evidence that the said defendant has been guilty of gross neglect of duty and of extreme cruelty as charged in said plaintiff's petition and that by reason thereof the plaintiff is entitled to a divorce as prayed for.

It is therefore ordered, adjudged and decreed by the court that the marriage contract heretofore existing between the said Susan A. Wells and Earmel G. Wells, plaintiff and defendant, herein be and the same hereby is, dissolved and both parties are released from the obligations of the same.

The court further finds that the plaintiff and defendant have the joint legal title in the following described real estate, being lots No. 7 & 8 (being the same premises described in the petition). The court further finds that said plaintiff is the owner in fee simple of certain other described premises which are not involved in the peti-

tion.

The court now coming on to make a division of the real estate held in the joint name of said parties and of all personal property of the parties hereto in accordance with the rights and equities of the parties therein, do find that the said defendant is entitled to the sum of Six Hundred Fifty ($650) Dollars as his fair portion and division of said real estate, lots numbered seven (7) and eight (8) hereinbefore described, and all of the personal property of said parties, and it is therefore ordered, adjudged and decreed that the said defendant have paid to him by the said plaintiff the sum of Six Hundred Fifty ($650) Dollars in accordance with the foregoing order of the court in full satisfaction **of all his right, claims, title and interest** by dower or otherwise in said real estate, lots numbered seven (7) and eight (8) hereinbefore referred to, and that upon the payment of said sum to his attorney by said plaintiff the said defendant shall forthwith execute and deliver to the said plaintiff a good and sufficient deed of general warranty for the undivided one-half interest in said lots numbered seven (7) and eight (8) and upon his failure so to do this decree shall operate as a transfer, etc."

The sum of $650.00 was paid by the plaintiff below to the husband the plaintiff in this action.

From such judgment of the Court of Domestic Relations, error was prosecuted to the Court of Appeals where the judgment of the lower court was affirmed. The Court of Appeals in its decision of July 25, 1925 stated that:

"Taking the decree as one for alimony as well as division of the property, we are of opinion that it was not contrary to the manifest weight of the evidence."

The plaintiff in error in the case just referred to instead of prosecuting error from the judgment of the Court of Appeals affirming the judgment of the Court of Domestic Relations brought the suit in partition in question. We have carefully considered the agreed statement of facts and the briefs of counsel and from such consideration are clearly of opinion that the plaintiff has no interest in the property described in the petition. The same decree will be rendered in this court as was rendered in the court below.

Counsel for defendant have filed a motion for the assessment of a penalty for appealing the case to this court,

Counsel for defendant insist upon such motion in their brief and it becomes necessary for the court to make some disposition of this motion.

Sec 12239 GC among other things provides:

"In other cases including those wherein a judgment or decree is for nominal damages and costs or costs only, unless the court is satisfied that reasonable grounds existed for the appeal, damages shall be adjudged to the appellee or party affected in any sum deemed reasonable not exceeding $200.00."

Unless this court is able to find that reasonable grounds existed for the appeal then it becomes the duty of the court to assess damages.

We could not make such finding. On the contrary we are of opinion that no reasonable ground existed for the appeal in question, and it therefore becomes our duty to make an assessment of damages in some sum not exceeding $200.00. The damages so assessed will be $25.00 together with the costs of the case.

Decree accordingly.

ALLREAD, PJ, and HORNBECK, J, concur.